LILJEBERG, J.,
dissents with reasons.
hi have considered the opinion of the majority, and based on the applicable statutory language set forth in La. R.S. 40:1299.47(A)(2)(a) and La. R.S. 40:1299.41(G) of the LMMA, I cannot agree. For the following reasons, I believe the trial court improperly granted the Exception of Prescription filed by appellee, Cheri Pazos, N.P., and dismissed appellants’ claims.
On October 16, 2013, appellants filed a request for a medical review panel alleging the conduct of Oceans Behavioral Hospital of Greater New Orleans (“Oceans”), Dr. Parimal Parikh, and appellee, all caused injuries to their mother, Dorothy Lucille Reynolds, which resulted in her death. On October 30, 2013, the PCF sent appellants a letter notifying them Dr. Parikh and Oceans were qualified health care providers. The letter also advised appellants Ms. Pazos was not a qualified health care provider covered under the LMMA. Therefore, the medical review panel remained pending against Dr. Parikh and Oceans.
The majority finds pursuant to the first sentence of La. R.S. 40:1299.47(A)(2)(a), prescription began to run again with respect to appellants’ claims against Ms. Prazos when they received the PCF’s October 30,2013 letter. However, this matter involves joint tortfeasors, which requires the application of the second sentence of La. R.S. 40:1299.47(A)(2)(a). The relevant language in this sentence states that when a matter involves joint tortfeasors, a pending claim | gbefore the medical review panel suspends the running of prescription against nonqualified health care providers.
In addition, La. R.S. 40:1299.41(G) provides:
Notwithstanding the provisions of Subsection D, the running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part shall be suspended in accordance with the provisions of R.S. 40:1299.47(A)(2)(a).[1]
*375 Based on these provisions, I find appellants’ request for a medical review panel against the qualified health care providers suspended prescription with respect to the appellants’ claims against Ms. Prazos, a non-qualified health care provider. Accordingly, I would reverse the trial court’s judgment which granted appellee’s Exception of Prescription and dismissed appellants’ claims against appellee, and remand the matter to the trial court for further proceedings.

. According to La. R.S. 40:1299.41(D), the provisions which govern the running and pre *375 scription of claims against a health care provider under the LMM-A apply to a non-qualified health care provider. See Hardy v. Blood Systems, 01-0134 (La.App. 3 Cir. 5/2/01), 794 So.2d 13, 18, writ denied, 2001-1395 (La.1/11/02), 807 So.2d 234 and 2001-1928 (La. 1/11/02), 807 So.2d 234.